UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff

v.

LESON CHEVROLET COMPANY, INC.,

          Defendant

CIVIL ACTION NO.

05-0844

SECT. B MAG. 4

## COMPLAINT AND JURY DEMAND

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct discriminatory and unlawful employment practices and to provide appropriate relief to Robert H. White ("White") and a class of job applicants harmed by such practices. The Commission alleges that Leson Chevrolet Company, Inc. ("Defendant" or "Leson Chevrolet") failed to hire White as a car salesperson because of his disability, monocular vision. The Commission further alleges that Defendant discriminated against a class of applicants by making unlawful pre-employment disability-related inquiries on its employment application.

### JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3)

of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.

The unlawful employment practices alleged herein were committed within the judicial district of this Court.

## PARTIES

3.

Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of the Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.

At all relevant times, Defendant has continuously been doing business within the State of Louisiana, and has continuously had at least 15 employees.

5.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.

At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.

More than thirty (30) days prior to the institution of this lawsuit, White filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.

Since at least October 2003, Defendant has engaged in unlawful employment practices at its location in New Orleans, Louisiana, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. 12112(a). Defendant rejected White for hire as a car salesperson, because of his disability, monocular vision. White at all relevant times was able to perform the essential job functions of the car salesperson position, with or without reasonable accommodation.

9.

Since at least November 2002, Defendant has engaged in unlawful employment practices at its location in New Orleans, Louisiana, in violation of Sections102(a) and (d) of Title I of the ADA, 42 U.S.C. 12112(a) and (d). Defendant asked potential employees unlawful pre-employment disability-related inquiries. Defendant's employment application reads as follows: "Do you have any physical limitations that preclude you from performing any work for which you are being considered?" and, if yes, "what can be done to accommodate your limitation?"

10.

The unlawful employment practices complained of in paragraphs 8 and 9 above were intentional.

11.

The unlawful employment practices complained of in paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of White and the class of potential employees subjected to unlawful pre-employment disability-related inquiries.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from refusing to employ individuals who are "disabled" within the meaning of the ADA, and from asking disability-related questions during the pre-employment stage.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to training of Defendant's supervisory, management, and human resources personnel concerning the requirements of the ADA.

C.    Order Defendant to make whole White and any individuals harmed by Defendant's unlawful conduct, alleged herein, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, and front pay, in amounts to be determined at trial.

D.  Order Defendant to make whole White and any individuals harmed by Defendant's unlawful conduct, alleged herein, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 9 above, in amounts to be determined at trial.

E.  Order Defendant to make whole White and any individuals harmed by Defendant's unlawful conduct, alleged herein, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 8 and 9 above, including but not limited to emotional and mental anguish, pain and suffering, humiliation, loss of enjoyment of life, <u>etc.</u>, in amounts to be determined at trial.

F.  Order Defendant to pay White and the class of individuals discriminated against by the unlawful conduct described in paragraph 9 above, punitive damages for its malicious and/or reckless conduct, as described herein above, in amounts to be determined at trial.

G.  Grant such further legal or equitable relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, the Commission hereby requests a jury on all issues raised in the instant Complaint which may be tried by jury.

Respectfully submitted,

**ERIC S. DREIBAND**
General Counsel
No Bar Roll Number Assigned

**JAMES L. LEE**
Deputy General Counsel
No Bar Roll Number Assigned

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
No Bar Roll Number Assigned

_____
**KEITH T. HILL**
Regional Attorney
E.D. Bar Roll No. 15200000

_____
**MICHELLE T. BUTLER**
Supervisory Trial Attorney
La. Bar Roll No. 1286

_____
**ERANIA EBRON**
Senior Trial Attorney
No Bar Roll Number
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, LA  70113-9936
Tel:    (504) 589-6817 (Main)
          (504) 589-3539 (Ebron)
Fax:   (504) 589-2805

**COUNSEL FOR PLAINTIFF,
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**

REGISTERED AGENT FOR
SERVICE OF PROCESS:

Donald R. Trapp
1501 Westbank Expwy
Harvey, Louisiana 700058